In the Matter of the Petition of FRED MACDONALD to Compel Payment of Administration Expenses of the Estate of LOUIS F. MUSIL, Deceased. JOHN A. BOLLES, as Executor, etc., of LOUIS F. MUSIL, Deceased, and VANWY P. MUSIL, Appellants; FRED MACDONALD and DANIEL W. PATTERSON, as Special Guardian for ROBERT H. MUSIL, an Infant, etc., Respondents.— In a proceeding to obtain payment of an alleged administration expense pursuant to the provisions of section 217 of the Surrogate's Court Act, it appeared that petitioner was employed by the executor as an accountant and tax expert. The appellants questioned the jurisdiction of the court to entertain the proceeding; claimed that the proceeding was not properly instituted; and that such employment was not a legitimate administration expense. Further, that the amount awarded is excessive. The court holds that the Surrogate's Court had jurisdiction. Section 217 and other similar sections are remedial statutes to facilitate the payment of obligations where, by reason of controversy and litigation, final accounting is delayed. The appellants are not aggrieved by the failure to make service of citation on one of the beneficiaries. The question of the necessity of the employment of an accountant and tax expert is one of fact to be determined by the surrogate. We think there should be a re-examination of the question of necessity of the employment of petitioner in this case, particularly in view of the wide range covered

by petitioner's examination and work, and of the value of his services. Likewise the question of the allowance to the special guardian should be re-examined. It will rest in the discretion of the surrogate to conduct a new hearing in this proceeding; or to stay it if the executor act promptly to have a final accounting. Decree of the Surrogate's Court of Westchester county. entered December 27, 1937, reversed on the facts, without costs, and the matter remitted to the Surrogate's Court to proceed as the parties may be advised. Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ., concur.